## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ELIZABETH THOMAS,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **THE PROFESSIONAL LAW** | § | |
| **FIRM AND CORPORATION OF** | § | |
| **BARRETT, DAFFIN, FRAPPIER,** | § | **CIVIL ACTION NO. 4:13-cv-02481** |
| **TURNER, & ENGEL, L.P.,** | § | |
| **DOLAN CORPORATION,** | § | |
| **AMERICAN PROCESSING** | § | |
| **COMPANY LLC, D/B/A** | § | |
| **NATIONAL DEFAULT** | § | |
| **EXCHANGE HOLDING L.P.,** | § | |
| **NDEX WEST, LLC, ITS BOARD** | § | |
| **MEMBERS, OFFICERS AND** | § | |
| **EMPLOYEES, J.P. MORGAN** | § | |
| **CHASE N.A., F/K/A CHASE** | § | |
| **HOME FINANCE, LLC, F/K/A** | § | |
| **CHASE MANHATTAN** | § | |
| **MORTGAGE CORPORATION,** | § | |
| **AND DOES 1-50,** | § | |
| **Defendants.** | § | |

## MOTION TO STRIKE AND DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f) AND 8 AND SUBJECT THERETO CONSOLIDATED ANSWER OF DEFENDANT BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL, LLP, and NDEX WEST LLC, ITS MEMBERS, OFFICERS AND EMPLOYEES ("DEFENDANTS")

COME NOW Defendants Barrett, Daffin, Frappier, Turner, & Engel, LLP

("BDFTE"), incorrectly named in the Plaintiff's Original Petition (hereinafter the

"Complaint) as "The Professional Law Firm and Corporation of Barrett, Daffin,

Frappier, Turner & Engel, L.P., and NDEX West, LLC, Its Board Members, Officers and Employees (collectively called "Defendants"), and file this their Motion to Strike and Dismiss Pursuant to Federal Rule of Civil Procedure 12(f) and 8 and Subject Thereto Consolidated Answer to Plaintiff's Complaint, and respectfully shows as follows:

### Motion to Strike and Dismiss Pursuant to Rule 12(f) and Rule 8

Defendants respectfully move and request that the Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(f). This Complaint is the plaintiff's latest in a series of suits arising out of the same basic complaint.[1] Plaintiff, Thomas apparently believes that a lien securing purchase money debt on a residence in Tomball, Texas should not be enforced.

---

[1] *E.g.,* ***Elizabeth Thomas v. MersCorp, Inc. and Law Offices of Barrett Daffin Frappier Turner & Engel and NDEX West;*** Civil Action No. 4:10-cv-4320, In the United States District Court for the Southern District of Texas. Voluntarily non-suited while 12(b) motions were pending.
***Elizabeth Thomas v. Chase Home Finance, LLC***, Adversary Proceeding No. 11-03088, In the United States Bankruptcy Court for the Southern District of Texas. Dismissed for want of jurisdiction because it was filed in a closed bankruptcy case.
***Elizabeth Thomas v. Dolan Media Company, American Processing Company, Barrett, Daffin, Frappier, Turner & Engel, LLP, and NDEX, Does 1 thru 50***, Adversary Proceeding No. 11-03090, In the United States Bankruptcy Court for the Southern District of Texas. Dismissed for want of jurisdiction by Court because filed in a closed bankruptcy case in which Debtor obtained a discharge without scheduling claims.
***Elizabeth Thomas v. Mortgage Electronic Registration Systems, Inc., and MERSCORP, collectively as MERS, Law Office of Barrett Daffin Frappier Turner & Engel, LLP, collectively Barrett, Burke, Wilson, Castle, Daffin & Frappier, LLP, collectively NDEX West, LLC, Dolan Company, collectively Dolan Media, collectively NDEX, and, American Processing Company, Does 1-50***, Case No. CV11-3656; In the United States District Court for the Eastern District of New York. Dismissal on the merits for Dolan entities, NDEX West, and American Processing Company and for lack of jurisdiction of BDFTE.

Plaintiff's Complaint should be dismissed because it violates the requirements of Federal Rule of Civil Procedure 8 that a pleading contain a short and plain statement of the claim showing that a pleader is entitled to relief.  The Complaint is neither short nor plain.   It is the opposite—byzantine, frequently incoherent and composed without attention to basic grammar principles and verbose.  Defendants respectfully ask the court to dismiss the Plaintiff's Complaint with leave to replead in compliance with Federal Rule of Civil Procedure 8, and failing such repleading, to dismiss this action with prejudice.  *E.g., Gordon v. Green*, 602 F.2d 743, 745-46 (5th Cir. 1979); *Jumonville v. Department of Treasury*, 50 F.3d 1033, 1995 WL 136507, *1-3 (5th Cir. 1995).

**WHEREFORE, PREMISES CONSIDERED,** Defendants request that the Complaint be stricken and dismissed with opportunity to replead within ten days to conform to Rule 8 and failing such repleading to be dismissed with prejudice without further action of the court.

Subject to their foregoing motion, Defendants submit their Consolidated Answer.

## **First Defense**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Second Defense

As to the separately numbered paragraphs of Plaintiff's Complaint, Defendants respond as follows:

1.      The allegations contained in paragraph 1 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

2.      The allegations contained in paragraph 2 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

3.      The allegations contained in paragraph 3 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

4.      Defendants deny that allegation as stated in the first sentence of paragraph 4 as written.  BDFTE is a Texas limited liability partnership with its principal place of business in Addison, Dallas County, Texas. Brian Engel, Steve P. Turner and James C. Frappier are individually partners of BDFTE. To any other extent Defendants denies the allegations in paragraph 4.

4

5.     Defendants deny the allegations in paragraph 5.

6.     Defendants deny the allegations in paragraph 6.

7.     The allegations contained in paragraph 7 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

8.     The allegations contained in paragraph 8 constitute legal conclusions as to which no response is required or are too indefinite and vague to be susceptible of specific admission or denial or constitute matters of opinion or characterization by plaintiff that cannot be specifically admitted or denied.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

9.     The allegations contained in paragraph 9 are too indefinite and vague to be susceptible of specific admission or denial or constitute matters of opinion or characterization by plaintiff that cannot be specifically admitted or denied. To any other extent, Defendants deny the allegations contained in paragraph 9 constitute legal conclusions as to which no response is required.

10.     The allegations contained in paragraph 10 are incoherent and are otherwise denied.

11.    The allegations contained in paragraph 11 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

12.    Defendants lack sufficient personal knowledge to either specifically admit or deny the allegations in the regarding the alleged ownership percentages of the Dolan Company and those allegations are therefore denied.  The remaining allegations contained in paragraph 12 are denied.

13.    The allegations contained in paragraph 13 are denied.

14.    The allegations contained in paragraph 14 are denied.

15.    Defendants deny the allegations in paragraph 15 because they are incoherent, but fairly answers that the software known as Default.net is a proprietary case management software.  To any other extent, the allegations in paragraph 15 are denied.

16.    The allegations contained in paragraph 16 are incoherent and are denied.

17.    Defendants deny the allegations contained in paragraph.

18.    The allegations contained in paragraph 18 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact,

they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

19.  The allegations contained in paragraph 19 state allegations only of plaintiff's beliefs, which are incoherent, without any factual basis and are in any event not susceptible of specific admission or denial.  To any other extent they are denied.

20.  The allegations contained in paragraph 20 are denied.  Moreover, they are merely statements not of fact, but of salutary conventions plaintiff wishes to use throughout its pleadings.

21.  The allegations contained in paragraph 21 are denied.

22.  The allegations contained in paragraph 22 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

23.  The allegations contained in paragraph 23 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

24.  The allegations contained in paragraph 24 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

25.     The allegations contained in paragraph 25 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

26.     The allegations contained in paragraph 26 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

27.     The allegations contained in paragraph 27 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

28.     The allegations contained in paragraph 28 are denied.

29.     The allegations contained in paragraph 29 are incoherent and are denied.

30.     The allegations contained in paragraph 30 are not allegations of fact and instead constitute allegations of law.  They require no response and to the extent construed as allegations of fact are denied.

31.     The allegations contained in paragraph 31 constitute legal conclusions as to which no response is required.  To the extent that they are construed as allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

32.     The allegations contained in paragraph 32 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

33.     The allegations contained in paragraph 33 identify no specific document and are thus vague and indefinite and not susceptible to specific admission or denial.  Moreover, they purport to state the contents and legal effect of instruments that speak for themselves.  Defendants admit that BDFTE sent a letter to addressed Elizabeth Thomas in the firm's capacity as attorneys for Chase Home Finance, LLC which disclosed that the firm represented Chase Home Finance, LLC, the mortgage servicer, but denies that such letter was a "debt collection form" as alleged.  To the extent construed as allegations of law no response is require.  To any other extent, the allegations contained in paragraph 33 are denied.

34.     Defendants admit that BDFTE in its capacity as attorneys prepared an "Assignment of Deed of Trust" executed to be effective on October 11, 2010 by Stephen C. Porter in his capacity as an Assistant Secretary of Mortgage Electronic Registration Systems, Inc. as Nominee for Lender and Lender's successors and assigns.  To any other extent, the allegations contained in paragraph 34 are denied.

35.     Defendants lack personal knowledge of Elizabeth Thomas' dealings on October 19, 2007 except such knowledge as may be gained from documents related to the loan transaction involved, including a promissory note purporting to be executed by Elizabeth Thomas as maker to "Lender" Flagstone Lending Group, which note permits by its stated terms the Lender may transfer the note, and which note on its face is endorsed by Flagstone Lending Group to the order of J.P. Morgan Chase Bank, N.A. and subsequently endorsed in blank by J.P. Morgan Chase Bank.   To any other extent, the allegations in paragraph 35 are denied because they are false or because Defendants lack sufficient personal knowledge to specifically admit or deny them.

36.     The allegations contained in paragraph 36 are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

37.     The allegations contained in paragraph 37 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

38.     The allegations contained in paragraph 38 are incoherent and to the extent decipherable at all constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

39.    The allegations contained in paragraph 39 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

40.    The allegations contained in paragraph 40 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

41.    The allegations contained in paragraph 41 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

42.    The allegations contained in paragraph 42 are incoherent and to the extent decipherable constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

43.    The allegations contained in paragraph 43 are too vague and indefinite to be specifically admitted or denied because the paragraph does not contain a complete sentence.  To the extent decipherable, they constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact,

11

they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

44.     The allegations contained in paragraph 44 are too vague and indefinite to be specifically admitted or denied because the paragraph does not contain a complete sentence.  To the extent decipherable, they constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

45.     BDFTE acted in the capacity as attorney for the mortgage servicer and Defendants admit that Defendants were not in October 2010 an owner of a note executed by Elizabeth Thomas.  Defendants deny that it negotiated any such note by endorsement.  To any other extent the allegations contained in paragraph 45 constitute legal conclusions as to which no response is required or to the extent construed as factual, are denied.

46.     The allegations contained in paragraph 46 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

47.     The allegations contained in paragraph 47 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

48.     The allegations contained in paragraph 48 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

49.     The allegations contained in paragraph 49 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

50.     The allegations contained in paragraph 50 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

51.     The allegations contained in paragraph 51 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

52.     Defendants admit that in its capacity as attorneys, BDFTE sent a letter dated February 25, 2013 advising that the firm represented JPMorgan Chase Bank, N.A. as mortgage servicer.  To any other extent, the allegations contained in paragraph 52 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

53.     The allegations contained in paragraph 53 are denied.

54.     The allegations contained in paragraph 54 are incoherent and to the extent decipherable constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

55.     The allegations contained in paragraph 55 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

56.     Defendants admit that BDFTE received a letter purporting to be sent by "Elizabeth Mohd-Thomas" and Abdelhalim H. Mohd" dated on its face March 4 2013 and states the contents of any letter plaintiff sent speaks for itself.  To any other extent, the allegations contained in paragraph 56 are denied.

57.     The allegations contained in paragraph 57 are denied.

58.     The allegations contained in paragraph 58 are denied.

59.     The allegations contained in paragraph 59 are denied.

60.     The allegations contained in paragraph 60 are denied.

61.     The allegations contained in paragraph 61 are denied.

62.     The allegations contained in paragraph 62 are denied.

63.     The allegations contained in paragraph 63 are denied.

64.     The allegations contained in paragraph 64 are denied.

65.     The allegations contained in paragraph 65 are denied.

66.    The allegations contained in paragraph 66 are incoherent and therefore not susceptible to specific admission or denial.    To the extent decipherable, they are denied.

67.    The allegations contained in paragraph 67 are denied.

68.    The allegations contained in paragraph 68 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

69.    The allegations contained in paragraph 69 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

70.    The allegations contained in paragraph 70 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

71.    The allegations contained in paragraph 71 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

72.    The allegations contained in paragraph 72 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

73.     The allegations contained in paragraph 73 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

74.     The allegations contained in paragraph 74 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

75.     The allegations contained in paragraph 75 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

76.     The allegations contained in paragraph 76 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

77.     The allegations contained in paragraph 77 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

78.     The allegations contained in paragraph 78 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

79.     The allegations contained in paragraph 79 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

80.     The allegations contained in paragraph 80 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

81.     The allegations contained in paragraph 81 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

82.     The allegations contained in paragraph 82 relate to parties other than Defendants about which Defendants lack sufficient personal knowledge to form a belief as to their truth and are therefore denied.

83.     To the extent concerning Defendants, the allegations contained in paragraph 83 are denied.  To the extent concerning parties other than Defendants lack sufficient personal knowledge to form a belief as to their truth and they are therefore denied.

84.     The allegations contained in paragraph 84 are denied.

85.     The referenced attorneys did participate in the discussion the Complaint references as the Texas Task Force Meeting on Judicial Foreclosures. Defendants have no present information to dispute that the specific excerpts

17

reproduced were excerpted from a full transcript of that meeting.  Defendants deny that the excerpts have any relevance to this case and deny that the excerpts support any proposition to which plaintiff attributes them and to any other extent denies the allegations in paragraph 85.

86.    The allegations  contained  in  paragraph  86  are  incoherent  and nonsensical and to the extent decipherable are denied.

87.    The allegations  contained  in  paragraph  87  are  merely  incomplete alleged statements of a person devoid of context and not framed within a complete sentence such that they are not susceptible to specific admission or denial.  To any other extent, they are denied.

88.    The allegations contained are denied.

89.    The allegations contained in paragraph 89 are too vague and indefinite to be susceptible of specific admission or denial.  Copyrights are not registered in the U.S. Patent and Trademark Office.  After a diligent inquiry, the Defendants answering  are  not  familiar  with  the  reference  number  alleged  and  therefore currently  do  not  possess  sufficient  knowledge  concerning  the  allegations purporting to state the contents of a document not provided with the complaint.  To any other extent, the allegations in paragraph 89 are denied.

90.    The allegations  contained  in  paragraph  90  are  denied.  Answering further,  Defendants  respond  that  patent  application  publication  no.

2008/0201190A1 describes a system and method for managing case files that permits inputted electronically stored information to be merged in print documents and to store information concerning the status of case file, including images of documents and to any other extent denies the allegations in paragraph 90.

91.   The allegations contained in paragraph 91 are denied.

92.   The allegations contained in paragraph 92 are denied.

93.   The allegations contained in paragraph 93 are denied.

94.   The allegations contained in paragraph 94 are denied.

95.   Defendants admit that patent the referenced patent application was filed and to any other extent deny the allegations contained in paragraph 95.

96.   Defendants admit that the case management program referenced in the paragraph includes connectivity tools for interfacing with middleware packages and to any other extent deny the allegations contained in paragraph 96.

97.   The Defendants admit that the process describe in the patent incorporates some functionalities described in the application and to any other extent denies the allegations contained in paragraph 97.

98.   The allegations contained in paragraph 98 are denied.

99.   The allegations contained in paragraph 99 are denied.

100.   Defendants admit that Barrett Burke Wilson Castle Daffin & Frappier, LLP changed its name to Barrett Daffin Frappier Turner & Engel, LLP and further states that dates a filing agency accepted a notice are matters of public record.

101.   Defendants admit that William Compton and Charles Haag assigned the patent application to Barrett Burke Wilson Castle Daffin & Frappier, LLP.

102.   The allegations contained in paragraph 102 are denied.

103.   The Defendants admit that BDFTE and National Default Exchange, LP were parties after September 2, 2008 to a services agreement and otherwise denies the allegations contained in paragraph 103.

104.   The allegations contained in the first sentence of paragraph 104 are incoherent absent a verb and not susceptible to specific admission or denial. Defendants admit that James C. Frappier is an attorney for BDFTE and to any other extent denies the allegations contained in paragraph 104.

105.   Defendants admit that NDEX West, LLC is a Texas limited liability company formed in Texas and to any other extent denies the allegations contained in paragraph 105.

106.   The allegations contained in paragraph 106 are denied.

107.   The allegations contained in paragraph 107 are denied.

108.   The allegations contained in paragraph 108 are denied.

109.   Defendants lack sufficient personal knowledge to form a view concerning the allegations in paragraph 109 and they are therefore denied.

110.   Defendants lack sufficient personal knowledge to form a view concerning the allegations in paragraph 110 and they are therefore denied.

111.   Defendants lack sufficient personal knowledge to form a view concerning the allegations in paragraph 111 and they are therefore denied.

112.   The allegations contained in paragraph 112 are incoherent and are denied.

113.   The allegations contained in paragraph 113 are not allegations of fact and are therefore not subject to specific admission or denial.  To any other extent they are denied.

114.   The allegations contained in paragraph 114 are denied.

115.   The allegations contained in paragraph 115 are denied.

116.   The allegations contained in paragraph 116 are denied.

117.   The allegations contained in paragraph 117 are denied.

118.   The allegations contained in paragraph 118 are denied.

119.   The allegations contained in paragraph 119 are denied.

120.   The allegations contained in paragraph 120 are denied.

121.   The allegations contained in paragraph 121 are denied.

122.   The allegations contained in paragraph 122 are denied.

123.   The allegations contained in paragraph 123 are denied.

124.   The allegations contained in paragraph 124 are denied.

125.   The allegations contained in paragraph 125 are denied.

126.   The allegations contained in paragraph 126 are denied.

127.   The allegations contained in paragraph 127 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

128.   The allegations contained in paragraph 128 are denied.

129.   The allegations contained in paragraph 129 are denied.

130.   The allegations contained in paragraph 130 are denied.

131.   The allegations contained in paragraph 131 are denied.

132.   The allegations contained in paragraph 132 are denied.

133.   The allegations contained in paragraph 133 are incoherent and are therefore too vague and indefinite to be susceptible of specific admission or denial. Moreover, the allegations are founded on assumptions of fact that are themselves false and on legal conclusions that are not susceptible of specific admission or denial.   To any other extent, they are denied.

134.   The allegations contained in paragraph 134 are denied.

135. The allegations contained in paragraph 135 purport to state incomplete excerpts from a document or documents that speak for themselves, are not documents of the Defendants, and require no response. To any other extent the allegations are denied.

136. The allegations contained in paragraph 136 are denied.

137. The allegations contained in paragraph 137 purport to state incomplete excerpts from a document or documents that speak for themselves, are not documents of the Defendants, and require no response. To any other extent the allegations are denied.

138. The allegations contained in paragraph 138 are denied.

139. Defendants have not located at the time of answering a copy of the alleged "copyright application" to which plaintiff refers and therefore cannot make any specific admission or denial concerning language alleged to be a quote. To any other extent the allegations of paragraph 139 are denied.

140. The allegations contained in paragraph 140 are denied.

141. The allegations contained in paragraph 141 are denied.

142. The allegations contained in paragraph 142 are denied.

143. The allegations contained in paragraph 143 are denied.

144. Plaintiff's Complaint contains no paragraph 144 therefore no response is necessary.

145.   The allegations contained in paragraph 145 are denied.

146.   The allegations contained in paragraph 146 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied.

147.   The allegations contained in paragraph 147 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact they are denied.

148.   The allegations contained in paragraph 148 are denied.

149.   The factual allegations contained in paragraph 149 are denied.   To the extent the paragraph contains alleges purporting to state the alleged contents of documents (which documents are not the Defendants' documents), they are not allegations of fact, but are instead allegations of the opinion not susceptible of specific admission or denial.   The allegations are moreover not material to any claim or cause of action.   To any other extent the allegations are denied.

150.   The allegations contained in paragraph 150 are denied.

151.   The allegations contained in paragraph 151 relate to the alleged status or actions of persons unrelated to the Defendants.   Defendants lack sufficient knowledge to specifically admit or deny the allegations and they are therefore denied.

152.   The allegations contained in paragraph 152 relate to the alleged status or actions of persons unrelated to the Defendants.   Defendants lack sufficient knowledge to specifically admit or deny the allegations and they are therefore denied.

153.   In response to the allegations made in Paragraph 153 of Plaintiff's Complaint, Defendants reiterate and incorporate by reference as if restated herein the responses to Paragraphs 1 through 152, as set forth hereinabove.   To any other extent, the allegations in paragraph 153 are denied.

154.   The allegations contained in paragraph 154 are denied.

155.   The allegations contained in paragraph 155 are denied.

156.   The allegations contained in paragraph 156 are denied.

157.   The allegations contained in paragraph 157 are denied.

158.   The allegations contained in paragraph 158 are denied.

159.   The allegations contained in paragraph 159 are denied.

160.   In response to the allegations made in Paragraph 160 of Plaintiff's Complaint, Defendants reiterate and incorporate by reference as if restated herein its responses to Paragraphs 1 through 159, as set forth hereinabove.

161.   The allegations contained in paragraph 161 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied.

162.   The allegations contained in paragraph 162 are denied.

163.   The allegations contained in paragraph 163 are incoherent and are denied.

164.   The allegations contained in paragraph 164 are denied.

165.   The allegations contained in paragraph 165 are denied.

166.   The allegations contained in paragraph 166 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied.

167.   The allegations contained in paragraph 167 are denied.

168.   The allegations contained in paragraph 168 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied.

169.   The allegations contained in paragraph 169 are denied.

170.   The allegations contained in paragraph 170 are denied.

171.   The allegations contained in paragraph 171 are denied.

172.   The allegations contained in paragraph 172 are denied.

173.   The allegations contained in paragraph 173 are denied.

174.   In response to the allegations made in Paragraph 174 of Plaintiff's Complaint, Defendants reiterate and incorporate by reference as if restated herein its responses to Paragraphs 1 through 173, as set forth hereinabove.

175.   The allegations contained in paragraph 175 are denied.

176.   The allegations contained in paragraph 176 are denied.

177.   The allegations contained in paragraph 177 are denied.

178.   The allegations contained in paragraph 178 are denied.

179.   The allegations contained in paragraph 179 are denied.

180.   In response to the allegations made in Paragraph 180 of the Complaint, Defendants reiterate and incorporate by reference as if restated herein its responses to Paragraphs 1 through 179, as set forth hereinabove.

181.   The allegations contained in paragraph 181 are denied.

182.   The allegations contained in paragraph 182 are not allegations of fact but merely state plaintiff's characterization of legal propositions and no response is required. To the extent construed as allegations of fact they are too vague and indefinite to be susceptible to specific admission or denial and are therefore denied.

183.   The allegations contained in paragraph 183 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied.

184.   The allegations contained in paragraph 184 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied.

185.   The allegations contained in paragraph 185 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied.

186.   The allegations contained in paragraph 186 are denied to the extent construed as allegations of fact and construed as mere legal conclusions require no response.

187.   The allegations contained in paragraph 187 are denied.

188.   The allegations contained in paragraph 188 are denied.

189.   The allegations contained in paragraph 189 are denied.

190.   The allegations contained in paragraph 190 are denied.

191.   The allegations contained in paragraph 191 are denied.

192.   In response to the allegations made in Paragraph 192 of the Complaint, Defendants reiterate and incorporate by reference as if restated herein its responses to Paragraphs 1 through 191, as set forth hereinabove.

193.   The allegations contained in paragraph 193 are denied.

194.   The allegations contained in paragraph 194 are denied.

195.   The allegations contained in paragraph 195 are denied.

196.   The allegations contained in paragraph 196 are denied.

197.   The allegations contained in paragraph 197 are denied.

198. In response to the allegations made in Paragraph 198 of the Complaint, Defendants reiterate and incorporate by reference as if restated herein its responses to Paragraphs 1 through 197, as set forth hereinabove.

199. The allegations contained in paragraph 199 are denied.

200. The allegations contained in paragraph 200 are denied.

201. The allegations contained in paragraph 201 are denied.

202. The allegations contained in paragraph 202 are denied.

203. The allegations contained in paragraph 203 are denied.

204. The allegations contained in paragraph 204 are denied.

205. The allegations contained in paragraph 205 are denied.

206. In response to the allegations made in Paragraph 206 Defendants lack sufficient knowledge or information to form a belief about their truth because plaintiff refers to her "Amended Complaint."  No Amended Complaint had been filed by Plaintiff in the above-captioned lawsuit. To the extent Plaintiff's allegation refers to the allegation of the Complaint, Defendants reiterate and incorporates by reference as if restated herein the responses to Paragraphs 1 through 243, as set forth herein.

207. The allegations contained in paragraph 207 are denied.

208. The allegations contained in paragraph 208 are denied.

209. The allegations contained in paragraph 209 are denied.

210.   The allegations contained in paragraph 210 are denied.

211.   The allegations contained in paragraph 211 are denied.

212.   The allegations contained in paragraph 212 are denied.

213.   The allegations contained in paragraph 213 are denied.

214.   The allegations contained in paragraph 214 are denied.

215.   The allegations contained in paragraph 215 are denied.

216.   The allegations contained in paragraph 216 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof.

217.   In response to the allegations made in Paragraph 217 of Plaintiff's Complaint, Defendants reiterate and incorporate by reference as if restated herein the responses to Paragraphs 1 through 216, as set forth hereinabove.

218.   The allegations contained in paragraph 218 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

219.   The allegations contained in paragraph 219 constitute legal conclusions as to which no response is required.  To the extent that they are allegations of fact, they are denied.

220.   The allegations contained in paragraph 220 are denied.

221.   The allegations contained in paragraph 221 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied.

222.   The allegations contained in paragraph 222 are denied.

223.   The allegations contained in paragraph 223 are denied.

224.   The allegations contained in paragraph 224 are denied.

225.   The allegations contained in paragraph 225 are denied.

226.   The allegations contained in paragraph 226 are denied.

227.   The allegations contained in paragraph 227 are denied.

228.   The allegations contained in paragraph 228 are denied.

229.   In response to the allegations made in Paragraph 229 are denied for a lack of sufficient knowledge or information to form a belief about the truth thereof because Plaintiff refers to her "Amended Complaint."   No Amended Complaint had been filed by Plaintiff in the above-captioned lawsuit. To the extent plaintiff's allegations refer to the allegations of the Complaint, Defendants reiterate and incorporate by reference as if restated herein the responses to Paragraphs 1 through 228, as set forth herein.

230.   The Defendants lack sufficient personal knowledge concerning the reporting practices of third parties and the allegations contained in paragraph 230 are therefore denied.

231.   The Defendants lack sufficient personal knowledge concerning the reporting practices of third parties and the allegations of paragraph 231 are therefore denied.

232.   The Defendants lack sufficient personal knowledge concerning the reporting practices of third parties and the allegations of paragraph 232 are therefore denied.

233.   Defendants deny that they were under any obligations to report any information concerning the plaintiff to any credit reporting agencies and have not done so.   To any other extent, the allegations contained in paragraph 233 are denied.

234.   The allegations contained in paragraph 234 constitute legal conclusions as to which no response is required.   To the extent that they are allegations of fact, they are denied.

235.   The allegations contained in paragraph 235 state no independent propositions of fact and to the extent construed to contain any allegation of fact are denied.

236.   The allegations contained in paragraph 236 are denied.

237.   The allegations contained in paragraph 237 are denied.

238.   The allegations contained in paragraph 238 are denied.

239.   The allegations contained in paragraph 239 are denied.

240.   The allegations contained in paragraph 240 are denied.

241.   The allegations contained in paragraph 241 are denied.

242.   The allegations contained in paragraph 242 are denied.

243.   The allegations contained in paragraph 243 are denied.

## **Third Defense**

244.   Defendants plead the affirmative defense of res judicata.

245.   Defendants plead the affirmative defense of failure to mitigate damages.

246.   Defendants plead the affirmative defense of limitation on recovery of exemplary damages as codified in TEX. CIV. PRAC. & REM. CODE § 41.008.

247.   Defendants plead that plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

248.   Defendants plead that the plaintiff's claims are barred by qualified immunity.

249.   Defendants plead that the plaintiff's claims are wholly frivolous and that the plaintiff is a vexatious litigant who should be enjoined from filing further suit or papers in any court of the United States, individually or by an attorney related to alleged efforts to enforce a lien or debt concerning the residence the subject of the Complaint without prior authorization by a court of competent jurisdiction.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that, upon final trial hereof, Plaintiff take nothing by reason of her Complaint; that Defendants have and recover all costs of Court expended herein and their attorneys fees along with an order enjoining the Plaintiff as requested above; and that Defendants have such other and further relief, either general or special, at law or in equity to which it may show itself justly entitled to receive.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By: _____
      Jonathan D. Baughman
      *Attorney-in-Charge*
      State Bar No. 24029074
      So. Dist. Bar No. 31347
1111 Louisiana St., Suite 4500
Houston, Texas 77002
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

*Of Counsel:*

Christopher L. Halgren
State Bar No. 24069859
So. Dist. Bar No. 1062824
1111 Louisiana St., Suite 4500
Houston, Texas 77002
Telephone: (713) 615-8500
Facsimile: (713) 615-8585

*Attorneys for Defendants Barrett, Daffin, Frappier, Turner, & Engel, LLP and NDEX West, LLC, its Board Members, Officers and Employees*

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the above and foregoing Motion to Strike and Dismiss Pursuant or Federal Rule of Civil Procedure 12(f) and 8 and Subject Thereto Consolidated Answer of Defendant Barrett, Daffin, Frappier, Turner, & Engel, LLP and NDEX West LLC, Its Members, Officers and Employees ("Defendants") was served by the United States Southern District of Texas' efiling notification system on this the 5th day of September 2013, to the following:

James M. Anderson
P.O. Box 58554
Webster, Texas 77598-8554

*Attorney for Plaintiff*
*Elizabeth Thomas*

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
Wm. Lance Lewis
Lauren R. Godfrey
2001 Bryan Street, Suite 1800
Dallas,Texas 75201

*Attorneys for Defendant JPMorgan*
*Chase Bank, N.A.*


Jonathan D. Baughman