UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELIZABETH THOMAS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-2481 |
| | § | |
| THE PROFESSIONAL LAW FIRM AND, | § | |
| CORPORATION OF BARRET, DAFFIN, | § | |
| FRAPPIER, TURNER & ENGEL L.P., | § | |
| et al., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

This is the latest in a series of cases Plaintiff Elizabeth Thomas has brought concerning the foreclosure of a Tomball, Texas residence. In a far-ranging and frequently incoherent complaint, Plaintiff makes a series of meritless allegations relating to illegal financial instruments and foreclosure practices, which Defendants deny. Now pending before the Court are Motions to Dismiss from Defendants American Processing Company, LLC ("APC") and The Dolan Company (collectively, "Dolan"; Doc. Nos. 17, 18) and from Defendant Barrett, Daffin, Frappier, Turner, & Engel, LLP ("BDFTE"; Doc. Nos. 14, 21). Plaintiff Elizabeth Thomas has filed a Motion to Remand (Doc. No. 13).

On November 14, 2013, the Court held an Initial Pretrial and Scheduling Conference in this matter at which neither Plaintiff nor Plaintiff's counsel appeared. In addition, neither Plaintiff nor Plaintiff's counsel has responded to any of Defendants' Motions to Dismiss. The Court construes Plaintiff's failure to pursue this lawsuit as a failure to prosecute under Federal Rule of Civil Procedure 41(b). Accordingly, the Court **DISMISSES** Plaintiff's claims pursuant to Rule 41(b).

1

Ms. Thomas has brought numerous cases in state, federal district, and bankruptcy courts in Texas and New York concerning the same Defendants and/or foreclosure proceedings at the heart of this matter. They include: *In re Elizabeth Thomas*, No. 10-40785-H3-7 (Bankr. S.D. Tex. filed Dec. 3, 2010) (discharged bankruptcy case in which no litigation claims were disclosed); *Thomas v. Mortg. Elec. Registration Sys., Inc.*, No. 10-cv-4320 (S.D. Tex. filed Oct. 21, 2010) (putative class action voluntarily dismissed while Rule 12(b) dismissal motions were pending); *Thomas v. Dolan Media Co.*, Adversary No. 11-03090 (Bankr. S.D. Tex. filed Feb. 25, 2011) (dismissed for lack of jurisdiction because filed in a closed bankruptcy case); *Thomas v. JP Morgan Chase, N.A.*, No. 11-cv-3656, 2012 WL 2872164 (E.D.N.Y. July 11, 2012) *aff'd*, *Thomas v. Barrett, Daffin, Frappier, Turner, & Engel LLP*, No. 12-3223-cv, 2013 WL 5226415 (2d Cir. Sept. 18, 2013) (summary order) (concluding Plaintiff lacked standing to bring claims, and claims barred due to judicial estoppel); *Thomas, et al v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner, & Engle, LLP*, No. 2013-46276 (333d Dist. Ct., Harris Cnty, Tex. filed Aug. 7, 2013) (pending).

Because Plaintiff has filed several federal and state-court actions against the same Defendants based on the same or similar factual allegations and legal claims, Defendants seek an injunction barring Plaintiff from bringing any further suits without judicial authorization. Dolan has filed a Motion for Rule 11 Sanctions in this case, which is not yet ripe for adjudication. (Doc. No. 25.) While the Court does not resolve that Motion by this Order, Plaintiff is cautioned that sanctions may yet be assessed against her, and will certainly be assessed if her contumacious behavior continues.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the twentieth day of November, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE