UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ELIZABETH THOMAS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:13-cv-2481** |
| | § | |
| **THE PROFESSIONAL LAW FIRM AND,** | § | |
| **CORPORATION OF BARRET, DAFFIN,** | § | |
| **FRAPPIER, TURNER & ENGEL L.P.,** | § | |
| **et al.,** | § | |
| | § | |
| *Defendant*s. | § | |

## MEMORANDUM AND ORDER

Following dismissal of her case for want of prosecution, Plaintiff Elizabeth Thomas seeks to appeal "an order denying plaintiff [sic] 28 U.S.C. § 1447(c) motion to remand removed state court claims back to state court due to trial court lack of jurisdiction of the case." Doc. No. 29 at 1. *See* Doc. No. 27. Plaintiff seeks to proceed *in forma pauperis* on the appeal, and her application to do so is now pending before the Court. Doc. No. 30. Having considered her application, the history of this case, and the relevant law, pursuant to 28 U.S.C. § 1915, the Court certifies that the appeal is not taken in good faith and accordingly denies Plaintiff's application to proceed *in forma pauperis* on her appeal.

## I.     BACKGROUND

In her frequently incoherent complaint in the underlying action, Plaintiff made a series of meritless allegations relating to what she characterized as illegal financial instruments and foreclosure practices, which Defendants denied.  Moreover, as this Court has previously noted, this case is only the latest in a series of frivolous cases Plaintiff has brought in state and federal

district and bankruptcy courts in both New York and Texas which all relate to foreclosure on the same piece of property and include substantially the same roster of Defendants. *See* Doc. No. 27. Plaintiff commenced this case in the 61st Judicial District Court of Harris County, Texas on August 7, 2013. *See* Doc. No. 1 ¶ 1. It was removed to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 by JPMorgan Chase Bank, N.A. on August 23, 2013. (Doc. No. 1.) Defendants The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner & Engel L.P. ("Barret") and NDEx West LLC ("NDEx"), the only other defendants that had been served, consented to removal on September 5, 2013, pursuant to 28 U.S.C. § 1446. (Doc. No. 9.) JPMorgan Chase subsequently filed a Motion to Dismiss. (Doc. No. 8.) Plaintiff amended her complaint on September 11, 2013 ("FAP"; Doc. No. 12), and Plaintiff quickly followed with a Motion to Remand (Doc. No. 13). Afterwards, Defendants Barret and American Processing Company, LLC ("APC") and The Dolan Company (collectively, "Dolan") filed Motions to Dismiss. (Doc. Nos. 14, 17, 18, 21).

On November 14, 2013, the Court held an Initial Pretrial and Scheduling Conference at which neither Plaintiff nor Plaintiff's counsel appeared. Though both had prior notice of the hearing, neither Plaintiff nor Plaintiff's counsel sought to be excused or for the hearing to be rescheduled, and neither notified the Court that they would not be able to attend. In addition to this absence, neither Plaintiff nor Plaintiff's counsel responded to any of Defendants' Motions to Dismiss. The Court construed Plaintiff's failure to pursue this lawsuit as a failure to prosecute under Federal Rule of Civil Procedure 41(b) and dismissed Plaintiff's claims on November 20, 2013. (Doc. No. 27.) Thereafter, Plaintiff filed a Notice of Appeal seeking to appeal "an order denying plaintiff [sic] 28 U.S.C. § 1447(c) motion to remand removed state court claims back to

state court due to trial court lack of jurisdiction of the case," and to proceed *in forma pauperis* on the appeal. Doc. No. 29 at 1; Doc. No. 30.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for *in forma pauperis* status if it is not taken in "good faith." *See also* Fed. R. App. P. 24(a). "Good faith" is "demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Coppedge v. United States*, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962)). A frivolous claim is one which has no "arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). For the purposes of this inquiry, the presence of *any* nonfrivolous issue is sufficient to demonstrate "good faith." *Howard*, 707 F.2d 220 (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)). The "good faith' assessment, however, does not require a showing that the appeal is likely to succeed. *Id.*

## III.    ANALYSIS

### A.  Subject Matter Jurisdiction

First, to the extent that Plaintiff's appeal challenges the Court's subject matter jurisdiction, it is frivolous. Plaintiff's Notice of Appeal seeks to appeal "an order denying plaintiff [sic] 28 U.S.C. § 1447(c) motion to remand removed state court claims back to state court due to trial court lack of jurisdiction of the case." [1] Doc. No. 29. The Court understands Plaintiff's appeal not to challenge the Court's dismissal for want of prosecution *on its merits*, that is, as an abuse of the Court's discretion, but only as improper because the Court *lacked jurisdiction* to order dismissal at all. Therefore, for the purposes of 28 U.S.C. § 1915(a)(3)'s

---

[1] Plaintiff appeals the denial of a motion that the Court never specifically denied. Rather, to the extent that it was not abandoned by her failure to prosecute, Plaintiff's remand motion was mooted in large part by the Court's dismissal. Nevertheless, in so dismissing Plaintiff's claims, the Court implicitly decided that it had subject matter jurisdiction and denied any claims to the contrary. *See* 28 U.S.C. § 1447(c) ("If at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be* remanded.") (emphasis added).

"good faith" inquiry, the Court considers whether an appeal based on the jurisdictional questions raised in Plaintiff's Motion to Remand is frivolous. The Court concludes that Plaintiff's appeal is frivolous and thus not taken in good faith because there is no "arguable basis in law or fact" for an appeal claiming that the Court did not have jurisdiction over the case when it ordered dismissal. *Berry*, 192 F.3d at 507.

Removal is proper regarding "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, federal district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Because Plaintiff brought claims seeking affirmative relief based on the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), *see* Doc. No. 1-1 ¶¶ 216-235, a federal district court would have had original jurisdiction, and the cause could have been filed in federal court in the first place. Thus, removal was proper and the Court possesses subject matter jurisdiction over the case.[2] In addition, it is well settled that Plaintiff's subsequent deletion of these claims in her First Amended Petition did not strip the Court of jurisdiction. *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 112 L. Ed. 2d 951 (1991) (noting that "[w]e have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events")). Therefore, as a matter of law, there can be no question whether the Court possessed jurisdiction over the case when it dismissed Plaintiff's suit for want of prosecution. Plaintiff's appeal seeking review

---

[2] Plaintiff's remand motion also alleges defects in the removal procedures used. However, such procedural challenges do not relate to the Court's subject matter jurisdiction over the action. *See, e.g., Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) (with reference to 28 U.S.C. § 1447(c), "a 'procedural' defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court.").

of whether the Court had jurisdiction is therefore frivolous.

In her Motion to Remand, Plaintiff argued that this Court lacked subject matter jurisdiction over the case because the federal issues identified in the notice of removal – claims under the federal FDCPA and FCRA statutes – are "nothing more than defenses to the Plaintiff [sic] state law claims." Mot. to Remand at 12. Plaintiff is correct that removal is improper if federal law only enters into a case as a defense, and not as a source of original jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). However, as noted above, in her Original Petition, the live pleading when the case was removed, Plaintiff affirmatively sought relief under those federal statutes. *See* Doc. No. 1-1 ¶¶ 216-235.

## B.  Judicial Estoppel

Second, to the extent that Plaintiff's appeal challenges anything other than subject matter jurisdiction, it is frivolous because Plaintiff is barred by judicial estoppel from pursuing the underlying claims. As the Court noted in its November 20th Order dismissing the case for want of prosecution, Plaintiff filed a bankruptcy case, *In re Elizabeth Thomas*, No. 10-40785-H3-7, in the Bankruptcy Court of the Southern District of Texas on December 3, 2010. Hers was a "no asset" bankruptcy case, in which she claimed to have no nonexempt assets that could be used to satisfy her debts. As required, Plaintiff filed a schedule of her assets in those proceedings, and neither it nor her subsequent amended schedule included any then-pending or potential legal claims. The bankruptcy court discharged Plaintiff's debts and closed the case on March 1, 2011.

Judicial estoppel is a "common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Brandon v. Interfirst Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)) (internal quotation marks omitted). "The

purpose of the doctrine is 'to protect the integrity of the judicial process', by 'prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest.'" *Id.* (quoting *Brandon*, 858 F.2d at 268). "The doctrine is generally applied where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Id.* at 206 (quoting *Scarano v. Cent. R. Co. of N.J.*, 203 F.2d 510, 513 (3d Cir. 1953)). The Fifth Circuit has recognized three elements of judicial estoppel: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." *Superior Crewboats Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 335 (5th Cir. 2004).

The facts and history of Plaintiff's claims in this case satisfy all three elements. First, as a part of her bankruptcy proceedings, Plaintiff was required, under the penalty of perjury, to disclose all pending litigation or potential legal claims. *See* 11 U.S.C. §§ 521(1), 541(a)(1). Moreover, a debtor seeking discharge of debts has a continuing obligation to disclose all potential claims and to amend the petition if circumstances change before the bankruptcy is resolved. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005); *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999). Thus, Plaintiff's duty to disclose the claims extended through to the bankruptcy court's discharge of her debts and closure of the case on March 1, 2011. Nevertheless, Plaintiff disclosed no legal claims, even when she filed an amended schedule of assets on January 25, 2011.

Now Plaintiff comes forward and claims that, on December 10, 2010, the Defendants created fraudulent debt collection documents regarding a false mortgage in an effort to collect on what she characterizes as an illegal and invalid instrument of indebtedness. FAP at 7, 10-12.

Plaintiff generally frames her claims with respect to a February 25, 2013 notice of default, but the complaint reveals that the February 25, 2013 notice is fraudulent because of the December 10, 2010 misconduct only. *See* FAP at 8-12. Thus, Plaintiff now pursues legal claims where she previously asserted that none existed, even though they were known to her and available at the time of her bankruptcy proceedings.

Next, the bankruptcy court relied upon Plaintiff's representation of her assets, including the representation that she had no pending or potential legal claims, when it discharged her debt and closed her case in March 2011. This court action is sufficient to satisfy the second prong. *See Superior Crewboats*, 374 F.3d at 335.

Third, Plaintiff's failure to disclose the claims cannot be considered inadvertent. In this context, inadvertence is present only when "in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Coastal Plains*, 179 F.3d at 210. Here, neither factor obtains. Plaintiff was aware of the claims by the time her continuing duty to disclose them ended in March 2011. On January 3, 2011, months before the bankruptcy court closed her case, and weeks prior to her January 25, 2011 filing of an amended schedule of assets, Plaintiff filed an amended complaint in a civil action she had brought in the Southern District of Texas, seeking relief for most of the same legal claims she brings here. *See* Am. Compl., *Thomas v. Merscorp, Inc.*, No. 4:10-cv-4230 (S.D. Tex. Jan 3, 2011), Doc. No. 4. In addition, just days before the bankruptcy court discharged her debts, Plaintiff brought two adversary proceedings predicated upon some of the same conduct and claims central to her action here, including the claim that fraudulent debt collection documents were created by Barret to collect an invalid debt.[3] *See* Compls., Adv. Case Nos. 11-03088, 11-03090, *In re Elizabeth Thomas*, No. 10-40785-

---

[3] Both of these adversary proceedings were later dismissed for lack of subject matter jurisdiction. *See Thomas v. Chase Home Finance, LLC*, Case No. 10-40785-H3-7, Adv. No. 11-3088 (Bankr. S.D. Tex. Apr. 28, 2011), Doc.

H3-7 (Bankr. S.D. Tex. filed Dec. 3, 2010), Doc. Nos. 41-42. Judge Gleeson of the Eastern District of New York has reached the same conclusions, conclusions which the Second Circuit has affirmed. *Thomas v. JP Morgan Chase, N.A.*, No. 11-cv-3656, 2012 WL 2872164, at *7-*9 (E.D.N.Y. July 11, 2012) *aff'd sub nom. Thomas v. Barrett, Daffin, Frappier, Turner, & Engel LLP*, No. 12-3223-cv, 2013 WL 5226415 (2d Cir. Sept. 18, 2013) (summary order). Moreover, as Judge Gleeson found, "Thomas also had a motive to conceal her claims. By doing so, she could pursue them free and clear of any claims by creditors after gaining the benefit of a discharge." *Id.* at *9 (citing *Superior Crewboats*, 374 F.3d at 336). Therefore, the third prong is satisfied as well.

Plaintiff's claims should have been disclosed to the bankruptcy court in her 2010-2011 bankruptcy proceedings. Because she represented to the bankruptcy court that she had no legal claims at that time, even though she knew of the claims, and the bankruptcy court then acted on those representations and discharged her debts and closed the case, the doctrine of judicial estoppel prevents Plaintiff from pursuing those undisclosed claims. Plaintiff is thus barred from pursuing the claims in the underlying action. Moreover, Plaintiff is fully aware that her claims are barred by judicial estoppel, as now both Judge Gleeson and a panel of the Second Circuit have so held.[4] Consequently, this appeal can only be considered frivolous.

For all of the reasons discussed in this Memorandum, pursuant to 28 U.S.C. § 1915(a)(3), the Court hereby **CERTIFIES** that Plaintiff's appeal is not taken in good faith and **DENIES** Plaintiff's application to proceed on the appeal *in forma pauperis*.

---

No. 19; *Thomas v. Dolan Media Co.*, Case No. 10-40785-H3-7, Adv. No. 11-3090 (Bankr. S.D. Tex. Apr. 28, 2011), Doc. No. 20. Because they did not give adequate notice of the value of Plaintiff's claims, these actions cannot be deemed to have met Plaintiff's disclosure requirements. *See Coastal Plains*, 179 F.3d at 209-10.

[4] The Second Circuit also affirmed Judge Gleeson's decision on the ground that Plaintiff lacked standing to bring the claims, as they are properly considered part of the bankruptcy estate and therefore belong to the estate only. *Thomas v. Barrett, Daffin, Frappier, Turner, & Engel LLP*, 2013 WL 5226415, at *1-*2.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the twenty-third day of December, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE