UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ELIZABETH THOMAS,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:13-cv-2481 |
| § | |
| **THE PROFESSIONAL LAW FIRM AND,** § | |
| **CORPORATION OF BARRET, DAFFIN,** § | |
| **FRAPPIER, TURNER & ENGEL L.P.,** § | |
| *et al.*, § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants The Dolan Company ("Dolan") and American Processing Company, LLC's ("APC") (collectively, "the Dolan Defendants") Motion for Rule 11 Sanctions. (Doc. Nos. 25, 33.) By this motion, these Defendants seek an order striking Plaintiff Elizabeth Thomas's pleadings in this case, awarding attorney's fees and costs, and barring Ms. Thomas from suing these Defendants or their subsidiaries on the basis of these facts without first receiving leave of this Court. After considering the parties' arguments, the record, and the applicable law, the Court is satisfied that Ms. Thomas brought and maintained this action for an improper purpose – to harass the Dolan Defendants. As a sanction, the Court awards attorney's fees and costs to the Dolan Defendants. The Court has already dismissed Ms. Thomas's claims. It declines to bar Ms. Thomas from future litigation, however, because it is not persuaded that she continued her contumacious conduct after it warned her that sanctions were a very real possibility for her past conduct. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

1

## I.     BACKGROUND

As this Court has explained in its previous decisions in this case, Ms. Thomas's suit is only the latest in a string of meritless challenges to the foreclosure of her home brought against the same Defendants named in this suit. This litigation spans the course of nearly four years, and includes actions in both state and federal courts in Texas and New York. Each of these challenges made nearly identical factual and legal allegations, and each was dismissed. Notably, U.S. District Court Judge John Gleeson held that Ms. Thomas was judicially estopped from bringing some of the very claims she brought in this case, a decision that was affirmed by the U.S. Court of Appeals for the Second Circuit while this case was pending. Ms. Thomas was undeterred, however: in spite of those courts' sound rulings, she nevertheless persisted in maintaining this action. *See In re Elizabeth Thomas*, No. 10-40785-H3-7 (Bankr. S.D. Tex. filed Dec. 3, 2010) (discharged bankruptcy case in which no litigation claims were disclosed); *Thomas v. Merscorp Inc.*, No. 10-4320 (S.D. Tex. filed Oct. 21, 2010) (putative class action voluntarily dismissed while Rule 12(b) dismissal motions were pending); *Thomas v. Dolan Media*, Adversary No. 11-03090 (Bankr. S.D. Tex. filed Feb. 25, 2011) (dismissed for lack of jurisdiction because filed in a closed bankruptcy case); *Thomas v. JP Morgan Chase, N.A.*, No. 11-cv-3656, 2012 WL 2872164 (E.D.N.Y. filed July 27, 2011) *aff'd, Thomas v. Barrett, Daffin, Frappier, Turner, & Engel LLP*, No. 12-3223-cv, 2013 WL 5226415 (2d Cir. Sept. 18, 2013) (finding Ms. Thomas lacked standing to bring some of her claims due to judicial estoppel); *Thomas, et al v. The Professional Law Firm and Corporation of Barrett, Daffin, Frappier, Turner, & Engle, LLP*, No. 2013-46276 (333d Dist. Ct., Harris Cnty, Tex. filed Aug. 7, 2013) (dismissed with prejudice; attorney's fees and costs awarded to APC).

2

The Court previously dismissed Ms. Thomas's suit for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b) after neither she nor her counsel, James Anderson, appeared at an Initial Pretrial and Scheduling Conference. (Doc. No. 27.) Though both had prior notice of the hearing, neither Ms. Thomas nor Mr. Anderson sought to be excused or for the hearing to be rescheduled, and neither notified the Court that they would not be able to attend. In addition, neither Ms. Thomas nor Mr. Anderson responded to any of Defendants' Motions to Dismiss. Thereafter, Ms. Thomas sought to appeal the Court's dismissal and to proceed *in forma pauperis* on that appeal. (Doc. Nos. 29-30.) Pursuant to 28 U.S.C. § 1915, the Court certified that the appeal was not taken in good faith and denied Ms. Thomas's application to proceed *in forma pauperis*. (Doc. No. 34.) In so doing, the Court determined that Ms. Thomas's challenge to the Court's subject matter jurisdiction over the suit was frivolous and taken in bad faith, for it lacked any arguable basis in law or fact. The Court also concluded that, to the extent that Ms. Thomas's appeals challenged anything other than its subject matter jurisdiction, it was frivolous because Ms. Thomas was precluded from bringing her claims by judicial estoppel.

In the meantime, the Dolan Defendants filed their motion seeking sanctions under Rule 11.[1] By this motion, they seek sanctions against Ms. Thomas and Mr. Anderson under Rule 11(b)(1), (b)(2), and (b)(3), alleging that Ms. Thomas's complaint had no basis in either fact or law, and that it was brought for the improper purpose of harassing them.

---

[1] The Court concludes that the Dolan Defendants have satisfied Rule 11's "safe harbor" provision, which requires that, before seeking sanctions from a court, an aggrieved party first serve the sanctions motion on the allegedly offending party. The aggrieved party may turn to a court for relief *only* after the allegedly offending party refuses to correct, amend, or withdraw the filings in question within a twenty-one day period following service of the motion. *See* Fed. R. Civ. P. 11(c)(2). Here, the Court notes that the Dolan Defendants' Motion for Rule 11 Sanctions was served on counsel for Ms. Thomas, James Anderson, on October 14, 2013. It was filed in this Court twenty-three days later, on November 6, 2013, after Mr. Anderson neither withdrew nor corrected the pleadings. (*See* Certificate of Compliance, Doc. No. 25.)

3

## II. LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure generally requires an attorney or pro se litigant to conduct a reasonable inquiry into the relevant law and facts before signing pleadings, written motions, or other documents, and it prescribes sanctions for violating these obligations. Fed. R. Civ. P. 11. Specifically, Rule 11(a) requires attorneys and pro se litigants to sign each "pleading, written motion, and other paper" filed in federal court. Rule 11(b) deems each signatory to be certifying to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that the pleading, written motion, and other paper:

> (1) Is not being presented for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See* Fed. R. Civ. P. 11(b)(1).
>
> (2) Contains only "claims, defenses, and other legal contentions" that are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See id*. at 11(b)(2).
>
> (3) Contains only "factual contentions" that have "evidentiary support" or—if appropriately designated—"factual contentions" that are "likely [to] have evidentiary support after a reasonable opportunity for further investigation or discovery." *See id*. at 11(b)(3).
>
> (4) Contains only "denials of factual contentions" that are "warranted on the evidence" or—if appropriately designated—"denials of factual contentions" that are "reasonably based on belief or a lack of information." *See id*. at 11(b)(4).

Rule 11 allows a court to impose sanctions for violations of Rule 11(b) "after notice and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1). Sanctions can be imposed on "any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* However, Rule 11 prohibits monetary sanctions against a represented party for violations of Rule 11(b)(2) (i.e., for advocating meritless legal positions). *See id.* at 11(c)(5)(A). Rule 11 sanctions can be imposed pursuant to a motion by the opposing party, or through the court's own initiative.

4

### III. ANALYSIS

This Court is reluctant to impose sanctions. Nevertheless, they can be warranted in certain circumstances, and courts should make use of them when necessary to deter inappropriate conduct. Here, for the reasons explained below, the Court is persuaded that they are necessary.

#### A. Conduct Warranting Sanctions

The Dolan Defendants seek sanctions for a variety of actions on the part of Ms. Thomas and Mr. Anderson. Most troubling to the Court is that this suit is at least the fourth time that Ms. Thomas has sued the Dolan Defendants with the same baseless allegations. Each case was dismissed. Undeterred, after each dismissal, Ms. Thomas filed another identical (or nearly so) case in another court. They maintain that Ms. Thomas engaged in such conduct to harass them. In support, they cite Fifth Circuit law explaining that "[r]epeat litigation of identical claims over identical subject matter may support and inference that the litigation was meant to harass opposing parties." *St. Amant v. Bernard*, 859 F.2d 379, 384 (5th Cir. 1988) (citing *McLaughlin v. Bradlee*, 803 F.2d 1197 (D.C. Cir. 1986) (awarding sanctions against plaintiff for bringing four suits arising from same facts)). Particularly in light of this caselaw, the Court finds compelling Ms. Thomas's multiple suits in different fora, spread both temporally and geographically, repeatedly bringing the same allegations against the same defendants. The Court can infer only that such litigation – including this case – was intended to harass the Dolan Defendants.

Ms. Thomas makes several arguments in response to the Dolan Defendants' motion. The Court begins with her jurisdictional arguments. On the one hand, Ms. Thomas argues that the Court lacks subject matter jurisdiction over the case. The Court has already examined that question, however, and has determined that it has subject matter jurisdiction and that the case was properly removed. (*See* Doc. No. 34.) On the other hand, even if the Court has subject

matter jurisdiction, Ms. Thomas contends, it lacks personal jurisdiction over the Dolan Defendants because they were never served. However, the Dolan Defendants previously filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), in which they did not object to a lack of personal jurisdiction over them. (Doc. No. 17.) It is well-settled law that, in so doing, the Dolan Defendants waived any objection personal jurisdiction and submitted themselves to the Court's jurisdiction. *See* Fed. R. Civ. P. 12(h)(1). The Court unquestionably has both subject matter jurisdiction over this case, and personal jurisdiction over the Dolan Defendants.

Other of Ms. Thomas's arguments challenge the Dolan Defendants' allegation that her claims are legally baseless. She claims that her suit was not groundless because it concerned a February 25, 2013 debt collection notice, which Ms. Thomas claims was fraudulent. She argues that her prior suits, and the courts' rulings in them, could not have encompassed this claim, because it did not accrue until the fraudulent notice was sent, in February 2013. But, as this Court has already explained, according to Ms. Thomas's First Amended Petition ("FAP"; Doc. No. 12), that debt collection notice was fraudulent only because of the alleged fraudulent assignment made in December 2010. Such pre-petition conduct should have been reported in Ms. Thomas's bankruptcy proceedings, and never was. Thus, this Court has concluded that Ms. Thomas is judicially estopped from bringing the claim. (*See* Doc. No. 34.)

Try as she might, Ms. Thomas cannot disguise her claims regarding the allegedly fraudulent December 2010 assignment as claims regarding a post-petition debt collection notice. While it is true in one sense that her claim regarding the 2013 notice could not have been litigated before that notice was sent, the factual and legal allegations forming the foundation of her claims – those regarding the actions allegedly taken in 2010 – *were* made in the prior lawsuits. They are the allegations that support her assertion that the collection notice was

fraudulent. Thus, Ms. Thomas's claims regarding the 2013 notice are nothing but derivatives of claims she has brought several times previously, all without success. Ms. Thomas's arguments are unavailing. The Court is satisfied that the imposition of sanctions is appropriate. The only question that remains is the proper form for those sanctions.

### B. Appropriate Sanctions

The Dolan Defendants seek three sanctions. They first ask the Court to strike Ms. Thomas's pleadings. Second, they request an award of their attorney's fees and costs. Third, they seek an order barring Ms. Thomas from filing suit against Dolan or any of its subsidiaries without first receiving permission from the Court. As explained below, the Court will neither strike Ms. Thomas's pleadings, nor bar her from future litigation. Because of her continued filing of nonmeritorious lawsuits against the Dolan Defendants, the Court will require that Ms. Thomas alone pay the Dolan Defendants' attorney's fees and costs.

Striking Ms. Thomas's pleadings would be meaningless in this case because the Court has already dismissed the matter for want of prosecution. Another measure employed by courts to prevent abusive litigation is an order requiring a litigant to "seek permission from the [c]ourt prior to filing any future suits." *Johns v. Town of Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993) (citing *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)); *see Humphrey v. Luna*, 59 F.3d 1242, at *3 (5th Cir. 1995); *Dilworth v. Box*, 53 F.3d 1281, at *4 (5th Cir. 1995); *Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 35-36 & n.3 (5th Cir. 1994); *Mayfield v. Collins*, 918 F.2d 560, 562 (5th Cir. 1990); *Thibeaux v. Cain*, No. 12-84-BAJ-SCR, 2012 WL 832432, at *3 (M.D. La. Feb. 29, 2012), *report and recommendation adopted*, No. 12-84-BAJ-SCR, 2012 WL 832871 (M.D. La. Mar. 12, 2012); *Eaves v. Doniger*, No. H-00-1255, 2001 WL 169288, at *4 (S.D. Tex. Jan. 9, 2001), *report and recommendation adopted*,

No. H-00-1255, 2001 WL 350213 (S.D. Tex. Feb. 16, 2001), *aff'd*, 277 F.3d 1372 (5th Cir. 2001). The Court will not impose this sanction, however. In its order dismissing the case, the Court noted Ms. Thomas's extensive body of litigation over the claims in this case and warned Ms. Thomas that "sanctions may yet be assessed against her, and will certainly be assessed if her contumacious behavior continues." (Doc. No. 27 at 2.) Ms. Thomas has heeded the Court's warning, and has not persisted in her contumacious conduct. Ms. Thomas has not, to the Court's knowledge, continued to initiate actions seeking to litigate these claims against these Defendants.[2] Accordingly, the Court sees no basis for an order barring future litigation.

The Court does believe, however, that an award of attorney's fees and costs is an appropriate sanction for Ms. Thomas's conduct.[3] Although she has repeatedly brought nearly the same claims based on the same facts against the Dolan Defendants, she has not been successful, and, in fact, some courts have affirmatively ruled against her. Accordingly, the Court believes that she should bear the attorney's fees and costs incurred by the Dolan Defendants in their defense of this suit.[4]

---

[2] The Dolan Defendants contest this, pointing to the fact that Ms. Thomas appealed the Court's dismissal of this case. The Court, however, will not sanction Ms. Thomas for appealing this Court's Order. In any event, she abandoned that appeal at the Fifth Circuit. (*See* Doc. No. 39.) The Court could find no cases newly initiated by Ms. Thomas in the Southern District of Texas, and the Dolan Defendants have not notified the Court of any additional lawsuits during the pendency of this motion.

[3] The Court notes that, with the exception of this case, Ms. Thomas has brought nearly all of her cases pro se, including her withdrawn appeal of the Court's prior decision in this case. The Court finds this fact highly salient for its decision to impose sanctions on Ms. Thomas alone.

[4] In a passage in her brief that appears to be lifted almost directly from the Consumer Financial Protection Bureau's *Fair Debt Collection Practices Act: CPFB Annual Report 2013*, http://files.consumerfinance.gov/f/201303_cfpb_March_FDCPA_Report1.pdf, Ms. Thomas contends that courts may award costs under Rule 54(d) in a federal Fair Debt Collection Practices Act ("FDCPA") only when supported by a finding of bad faith or harassment. She cites *Marx v. General Revenue Corp.*, --- U.S. ---, 133 S. Ct. 1166 (2013). There, though, the Supreme Court reached the exact opposite conclusion: "[A] district court *may* award costs to prevailing

## IV. CONCLUSION

Accordingly, the Court finds that Ms. Thomas violated Rule 11(b)(1), by filing suit against the Dolan Defendants with the improper purpose of harassment. Although the Court is loath ever to impose sanctions, it is persuaded that, in this case, they are required; the Court simply cannot stand by and allow behavior so disdainful of the letter and spirit of the Federal Rules of Civil Procedure to go unchecked. The Court therefore **GRANTS** the Dolan Defendants' request for attorney's fees and costs. The Court hereby **ORDERS** that Elizabeth Thomas is to pay **$57,648.04** to the Dolan Defendants. This sum is the attorney's fees and costs requested by the Dolan Defendants, as stated in the sworn Affidavit of Maria Wyckoff Boyce. (Doc. No. 33-1.) The Court **DENIES** the Dolan Defendants' request to impose filing restrictions on Ms. Thomas.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this, the nineteenth day of August, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

defendants in FDCPA cases *without* finding that the plaintiff brought the case in bad faith and for the purpose of harassment." *Id.* at 1171 (emphasis added). In any event, here the Court awards costs not under Rule 54(d)(1), but under Rule 11, so *Marx* is inapposite.